## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:05CV274
### (1:03CR41)

KAMIL MRLINA,            )
                                      )
            **Petitioner,**       )
                                      )
       **Vs.**                   )         **ORDER OF DISMISSAL**
                                      )
                                      )
**UNITED STATES OF AMERICA,**     )
                                      )
          **Respondent.**      )
                                      )

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  No response is necessary from the government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On April 29, 2003, the Petitioner was charged in a one count bill of indictment with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  **Bill of Indictment, filed April 29, 2003.**  On June 30, 2003, the Petitioner entered a plea of guilty to the indictment

pursuant to a plea agreement with the Government, and on February 25, 2004, the undersigned sentenced the Petitioner to a term of 27 months of imprisonment.  **Judgment in a Criminal Case, filed March 9, 2004.**  The Petitioner did not file an appeal of his conviction and/or sentence.  Therefore, the Petitioner's conviction became final on March 19, 2004, ten days after the judgment was entered on the docket by the Clerk.  ***United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)); *United States v. Walker*, 194 F.3d 1307 (table), 1999 WL 760237 (4th Cir. 1999) (citing *Adams v. United* States, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999)).**  Petitioner signed his § 2255 motion on July 21, 2005, and same was filed in this Court on August 15, 2005.

> Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255.  In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations. . . .  In relevant part, the AEDPA amended § 2255 by adding the following language:
> > A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> > > (1) the date on which the judgment of conviction becomes final; . . . .
> We are left with the question of when a judgment is to be considered final.  The Supreme Court has addressed the question of finality in the context of retroactivity.  The Court defined a conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."

***Gendron v. United States,* 154 F.3d 672, 673-74 (7th Cir. 1998) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).**  Because the motion was filed some four months after the Petitioner's conviction became final, the undersigned, therefore, concludes this motion is untimely filed.  ***Id.***

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE.**

**Signed: August 23, 2005**

Lacy H. Thornburg
United States District Judge